### THE STATE v. GEORGE McAFEE.

*• Assault—Arrest—Officer.*

1. Where the defendant struck his wife a blow with a stick in a public road so near to an officer (a Justice of the Peace) that he could hear the sound made by the blow and the cries of the woman, though, on account of the darkness, he could not actually see the assault, it was such a breach of the peace in the presence of the officer as authorized him to arrest the assailant without warrant.

2. When the officer, who was known by the defendant to be such, attempted to make the arrest, the latter drew back the stick in a striking position and ordered the officer to stand back, in consequence of which he desisted and got out of the way: *Held*, that this constituted an assault upon the officer.

Indictment for Assault and Battery, tried at February Term, 1890, of the Criminal Court of MECKLENBURG County, before *Meares, J.*

The State introduced one Severs, a Justice of the Peace, who testified that, about 8 o'clock at night, on a Saturday in July, 1890, he was informed by one Watts that the defendant was beating his wife and about to kill her, and that he and his son went out to the road and heard persons talking in a loud tone down the road. They were coming up the road in the direction of witness' house. It was dark, and witness could not see the persons who were talking loud, but when they approached to within forty feet of him, he heard a blow given as with a stick, and a woman's voice cried out very loud, as if in distress. In a few minutes thereafter, the defendant and his wife came along the road, and the defendant had a stick in his hand and was cursing and talking violently, and his wife was crying in a loud voice. Witness went up to the defendant and told him to consider himself under arrest, and immediately the defendant drew back his stick and told witness to stand back; that he had done

nothing to be arrested for, and would not be arrested. The defendant held the stick uplifted and in a position as if he intended to strike the witness, and witness, believing he was about to strike, got out of defendant's way, and defendant and his wife then walked on down the road. The stick was the limb of a sycamore tree, four or five feet long and one or two inches in diameter. Witness did not see the defendant strike his wife. When he told defendant to consider himself under arrest, he was about to take hold of him in order to arrest him, but before he could do so the defendant lifted the stick and assumed a striking position and ordered him to stand back. Defendant is well acquainted with witness, and knew that witness was a Justice of the Peace. Witness had not issued any warrant, and did not profess to have any warrant in his possession at the time of the attempted arrest.

William Severs, a son of the above named witness, was introduced, and corroborated the statement of his father.

The defendant introduced one Watts, who testified that he was walking along the road in company with defendant and his wife and sister, and when they were near a bridge about one quarter of a mile from Severs' house, he saw the defendant push his wife two or three times, and slap her, but did not see him strike her with a stick; that he went up to Severs' house (who is a magistrate) and told him that defendant was beating his wife.

The defendant testified, in his own behalf, that, while going along the road on the night in question, he pushed his wife two or three times merely in play, and she fell into a ditch, and then began to cry; he denied that he struck her with a stick, and stated that he did not strike her at all; when he got in front of Severs' house, Severs was standing in the middle of the road, and told him to consider himself under arrest, and he replied that he had done nothing to be arrested about; he walked around Severs and passed by

him, and Severs never moved from his position; he neither raised his stick nor threatened to strike Severs; he had had one or two drinks that evening.

Maria McAfee, wife of defendant, testified that defendant did not strike her with a stick that night; she said he did not hurt her, and that she cried because her feelings were hurt; she did not think he was angry with her, but that he had been drinking; she went home and stayed with her husband that night.

The defendant's counsel asked the Court to instruct the jury—

1. That there was no evidence that the prisoner assaulted Severs, the prosecutor.

2. That no person without a warrant could make an arrest unless he was present at a riot, rout, affray, or other breach of the peace, and he could only make the arrest then when it was necessary to prevent or suppress the same.

3. That there was no evidence that there was any riot, rout, affray, or any breach of the peace committed by the defendant.

4. That there was no evidence that, if a breach of the peace was committed by George McAfee (defendant), it was done in the presence of the prosecutor.

The Court refused the first, third and fourth instructions, but gave, in substance, to the defendant the full benefit of the second prayer for instructions. On the question which was raised as to what constitutes a presence in law, the Court told the jury that an officer of the law had no power to arrest a person on a charge of assault and battery, or other breach of the peace, without a warrant, unless the same was committed in the presence of an officer; and, although it was night-time, and the officer could not see the persons committing a breach of the peace, yet, if it was done so near that what was said and done by the parties could be distinctly heard by him, this would be considered by the law

as a breach of the peace committed in the presence of the officer; if Severs, the Justice of the Peace, heard defendant strike his wife with a stick, and heard her cry out, at a distance of only forty feet (as the State alleges) from where he was standing, the law would consider the deed as done in his presence, although it was night-time, and he could not see the parties. The Court also told the jury that a husband had no right to whip his wife with a stick larger than a man's thumb, if the chastisement was inflicted from pure malice; that the State's witness had testified that the stick used on this occasion was four or five feet long, and from one to two inches in diameter; that, while it was indictable for a husband to chastise his wife with a whip or stick out of pure malice, a husband has, nevertheless, a right to chastise his wife for the purpose of correction; that the question of malice must be determined by the jury, who must take into consideration all the facts and circumstances testified to by witnesses in this case; if the jury believe the testimony of Severs, the Justice of the Peace, to be true, he had the right to arrest the defendant, and it was his duty to have done so, but if they believe the witnesses for the defendant, then the defendant is not guilty. There was a verdict of guilty, and defendant submitted a motion for a new trial, upon the following alleged errors:

(1.) That the Court refused to give the instructions prayed for, and in charging (2) that it was a question of malice whether a man was guilty of chastising his wife; (3) that the presence, under the testimony, was a sufficient presence to justify the prosecutor in making the arrest without a warrant; (4) there was no evidence that, if the defendant McAfee struck his wife, it was done with malice.

The motion for a new trial was overruled, and the defendant appealed from the judgment rendered.

*The Attorney General,* for the State.

*Messrs. Heriot Clarkson* and *C. H. Duls* (by brief) for defendant.

AVERY, J.: A Justice of the Peace, a Constable or a Sheriff is, unquestionably, authorized to arrest without warrant one who commits a felony or breach of the peace in his presence. *State* v. *Hunter*, 106 N. C., 798; *State* v. *Freeman*, 86 N. C., 683; 3 Wharton C. L., section 2927. But in *State* v. *Hunter* where the right of a policeman to arrest under the provisions of the charter without warrant for a violation of a city ordinance, was declared the same as in cases of breaches of the peace, the Court say that "they (policemen) must determine at their peril, preliminary to proceeding without warrant, whether a valid ordinance has been violated," and that the question of good faith on the part of an officer comes to his aid only where he is resisted in making a lawful arrest. The rule is different when arrests are made by officers for felonies, however, because reasonable ground to believe a felony has been committed or a dangerous wound inflicted, is sufficient to justify an officer in arresting.

If the assault with the stick described was committed in the presence of the officer Severs, and he was known to the defendant to be a Justice of the Peace, it was not unlawful to arrest without informing the offender of the nature of the charge, as well as without warrant. 3 Whart. Cr. L., section 2829. We concur with the Judge below in the view expressed in his charge, that, if the defendant struck his wife with the stick described by the witness at a point so near to the officer that he could distinctly hear what was said and the sound made by the blow, it would be considered in law a breach of the peace in his presence, though he could not at the time actually see the former, because it was too dark. *State* v. *Hunter*, 8 Lawyers' Reports, 530, and notes.

The principal evil intended to be avoided by restricting the right of arrest to breaches of the peace committed in the officer's presence, was depriving a person of his liberty except upon warrant issued on sworn information, or upon the actual personal knowledge of the officer that the offence was committed. The reason of the law is as fully met, therefore, if the officer heard enough to satisfy him that the law was violated, as if he had acquired the information through his sense of sight. He incurred the risk of subjecting himself to indictment for assault if the defendant did not in fact strike his wife with the stick, and, under the instruction given by the Court, the jury must have found that the defendant did commit an assault upon his wife with the same stick afterwards drawn over the prosecutor. The stick that was raised over the head of the prosecutor was a piece of the limb of a sycamore tree from four to five feet in length and from one to two inches thick. There was evidence tending to show, and sufficient it seems to satisfy the jury, that the defendant struck his wife with that stick. His Honor in his charge left the question of striking with the stick to the jury, and made the guilt of the defendant dependent upon it, and the defendant had no reason to complain of such instruction. *State* v. *Huntley*, 91 N. C., 617. If the defendant raised the stick described, in striking posture over the prosecutor's head, and caused the prosecutor to step aside to avoid an apprehended blow, it was an assault. *State* v. *Shipman*, 81 N. C., 513 There was evidence tending to show that the defendant committed an assault—first, upon his wife in presence of the prosecutor, and secondly, that he committed an assault upon the prosecutor, who was attempting to arrest him, and was known to the defendant to be a peace officer. The jury passed upon the disputed facts. There is no error, and the judgment is affirmed.

Affirmed.