## Campbell v. Commonwealth.

(Decided May 13, 1924.)

### Appeal from Perry Circuit Court.

1. Criminal Law—Admission of Possession of Whiskey and Depositing Same on Ground Held Voluntary.—Where officer could see women had objects concealed under apparel from bulk and shape

and wet spot appearing on dress of one, admission by women on inquiry that they had moonshine in jars held voluntary and not under duress, as was also exposure of whiskey and deposit on ground on request of officer after arrest.

2. Arrest—Bulkiness of Women's Apparel, Wet Spot, and Admission Warranted Arrest for Possession of Moonshine.—Bulkiness. of women's apparel, wet spot, and admission in answer to inquiry that they had moonshine whiskey, warranted their arrest without warrant.

3. Arrest—Persons Arrested May be Searched Without Warrant.— Persons admitting to officer that they had moonshine concealed in their clothing could be searched after arrest without procurement of a search warrant.

4. Arrest—Offenses Committed in Presence of Officer.—Offense is committed in presence of officer when it is committed with his knowledge, whether obtained through sight, hearing, or other senses, or by offender's admission of fact made before his arrest.

BALLOU & BOLEYN for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Orlena Campbell, charged by warrant with unlawfully having in her possession intoxicating liquor, in violation of the provision of chapter 33, section 1, Acts General Assembly, 1922, was tried for and convicted of the offense in the Perry county court. From the judgment of that court she prosecuted an appeal to to the Perry circuit court, her trial in which court also resulted in her conviction of the offense; her punishment therefor being fixed by verdict of the jury and judgment of the court at a fine of $200.00 and imprisonment of 30 days in jail. Complaining of the judgment of the circuit court she has appealed to this court.

It is contended by the appellant that the judgment should be reversed because of error committed by the trial court, first, in admitting, over her objection, incompetent evidence in behalf of the Commonwealth; second, that the arrest of the appellant for the offense charged, which was made without authority of a warrant, was illegal.

As will presently be seen these two contentions must stand or fall together, for they are based on the same ground, viz., the claim made by appellant, through her counsel, that the means by which the officer discovered

her possession of the liquor for which she was arrested, constituted an unlawful search of her person, because made without a search warrant, which rendered incompetent as evidence the discovery of her possession of the liquor seized and taken from her by the officer. The only evidence heard on the trial was furnished by the testimony of John M. Combs, a deputy sheriff, the single witness introduced by the Commonwealth, which was substantially as follows: That he had known the appellant seven or eight years and upon being informed that she and another woman, designated in the record as ''Sally Ann,'' were coming to the mining camp of the Hazard-Jellico Coal Company in Perry county, with moonshine whiskey in their possession, he (Combs) in his official capacity as deputy sheriff went to the mining camp and there encountered the two women near the coal company's commissary, and immediately discovered that each of them was in possession of some thing or object concealed in and under her clothing causing it to stand out and thereby show the bulk of the object concealed, which was apparently of the size of the glass jars in which moonshine whiskey is usually handled by lawless dealers in that commodity. In addition, the witness saw that the dress of the appellant, where it was made to protrude by the bulk of the object concealed beneath, was wet or damp. Being convinced by what he thus observed that the two women were in the unlawful possession of moonshine whiskey, the officer asked them if this was not true, in response to which each of them admitted her possession of the whiskey, and upon being asked the quantity they had, the answer was two jars each. Thereupon the women were told by the officer to take the whiskey off; that is, remove it from their clothing, which they did and placed the jars of whiskey on the ground, thereby disclosing that there were three, instead of two, jars of it as had previously been stated by the women, each containing a half gallon of whiskey, one of the jars having been removed from the clothing of the appellant and the other two from the clothing of her companion, ''Sally Ann.''

When the two women were commanded to relieve themselves of the whiskey, Sally Ann inquired of the officer whether he had a search warrant and was informed by him that he did not and that he would not search them. The arrest of the women followed the discovery by the officer of their possession of the whiskey. It is

not clear from the latter's testimony whether it was made before or after they relieved themselves of the whiskey by placing the jars on the ground, but free of doubt that it was effected after their admission of its possession by them and, also, after the officer's observation of the figures of the two women, and the bulk and shape of the objects concealed under their apparel, together with the wet spot appearing on the appellant's dress over the object concealed thereunder, had enabled him to satisfy himself that both of them were in the unlawful possession of the whiskey subsequently produced by them from its places of concealment on their bodies. It is also fairly apparent from the foregoing facts that the appellant's admission of her possession of the whiskey, as was that of her companion, was voluntarily made in reply to the officer's mere inquiry, made before her arrest or that of the companion, as to whether it was then in her custody; in view of which no reason is apparent for sustaining the contention of her counsel that the admission was made under duress, or superinduced by coercion on the part of the officer.

For the reasons stated we further conclude that the exposure of the whiskey to the view of the officer by the appellant and her companion's removal of the glass jars containing it from their apparel and placing them on the ground, was also voluntary, although in depositing the jars on the ground the two women acted at the request or by the command of the officer; but their compliance with the request or command evidently did not result from duress or compulsion, as they had previously admitted their possession of the whiskey to the officer and had been informed by him, in reply to the inquiry from Sally Ann, that he did not have a search warrant and would not subject their persons to search.

Manifestly the foregoing uncontroverted facts disclosed by the evidence were sufficient to establish the unlawful possession by the appellant and Sally Ann of the whiskey in question and to constitute such possession an offense committed by them in the presence of the deputy sheriff, which authorized their arrest by the latter without a warrant. Not only is it apparent from the evidence that the means employed by the appellant and her companion to conceal the whiskey under their apparel were insufficient to prevent its discovery by him, but, in addition, their frank admission of their possession of the whiskey, made in response to the inquiry of the officer,

alone justified their arrest by the latter as for an offense committed in his presence; and had they, after such admission, and following their arrest, refused to surrender the whiskey, would have authorized a search of their persons by him for its seizure, without the procurement of a search warrant for that purpose.

An offense is to be regarded as committed in the presence of the officer when it is committed with his knowledge, whether such knowledge is obtained through his sight, hearing or other senses, or by the offender's admission of the fact made before his arrest.   Ex parte Marrell, 35 Fed. R. 261; Bradley Elswick v. Comlth., 202 Ky. 703.

In Hale v. Comlth., 197 Ky. 214, a case analogous in many of its facts to the case at bar, in affirming a judgment convicting the appellant of the same offense as that here charged, we in the opinion, in part, said:

> "As we have seen, the officers not only saw the imprints of the jars on the sides of the sacks, but they also heard the rattling they made, and these facts, together with the location and other surrounding circumstances, might be sufficient to authorize them to arrest defendant without a warrant on the ground that the offense was committed in their presence; but whether so or not, when defendant put down his sack and said to the officers, 'You've got me,' it was tantamount to a confession that his sack contained contraband goods, otherwise he had committed no offense for which the officers could 'get' him.   They were authorized to arrest him, and under numerous opinions of this court they had the right to make the search and whatever evidence they found in doing so would be competent. There is, therefore, no merit in this contention."

As the opinion of the case, *supra,* and the authorities previously cited seem to be conclusive of the questions involved in the case under consideration, we feel constrained to hold that the arrest of the appellant by the deputy sheriff was authorized and, therefore, legal, and that the evidence, the admission of which by the trial court is complained of by the appellant, was clearly competent and sufficient to establish her guilt of the offense charged.

Judgment affirmed.