STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
WALTER MORSE, DEFENDANT-APPELLANT.

Argued January 20, 1969—Decided May 5, 1969.

*Mr. Bruce I. Goldstein,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Richard Newman,* Deputy Public Defender, of counsel; *Mr. Carl R. Soller,* Assistant Deputy Public Defender, on the brief; *Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Donald S. Coburn,* Assistant Prosecutor, argued the cause for respondent (*Mr. James R. Zazzali,* Assistant Prosecutor, on the brief; *Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

The opinion of the court was delivered by

WEINTRAUB, C. J. Defendant was convicted of unlawful possession of a narcotic drug (heroin) in violation of *N. J. S. A.* 24:18–4. The Appellate Division affirmed, 106 *N. J. Super.* 1 (1968), and we granted defendant's petition for certification. 51 *N. J.* 390 (1968).

*N. J. S.* 2A:169A–1 and 2 require persons convicted of a narcotics offense to register with the police authorities therein specified. Defendant, who was within the statute, was so registered. *N. J. S.* 2A:169A–6 requires a registered person to give notice of a change of address within 24 hours. A violation of that section is a disorderly persons offense. *N. J. S.* 2A:169A–8. Defendant was arrested when he told the officer he had not reported a change of address as required by the statute, and it was in a search incidental to that arrest that the heroin was found.

■ Defendant sought belatedly to question the validity of the search and we agree with the Appellate Division that he could not. We would rest our affirmance on the opinion of the Appellate Division without more but for its reference to *State v. Orr,* 93 *N. J. Super.* 140 (*App. Div.* 1966).

*Orr* held that since a violation of *N. J. S.* 2A:169A–6 is complete upon the expiration of the 24-hour period, the offense, for that reason, could not thereafter be said to be committed in the "presence" of the arresting officer within the meaning of *N. J. S.* 2A:169–3 which provides that a dis-

orderly person may be arrested by a police officer without a warrant if the "offense is committed in his presence." Although for the reasons to be stated we think the power to arrest does not turn upon whether the offense is a continuing one, nonetheless because of the possible implications upon problems of pleading and proof, we state our disagreement with the concept in *Orr* that the offense does not continue beyond the 24-hour period.

Although a violation of *N. J. S.* 2*A* :169*A*–6 comes into being at the expiration of the 24-hour period, there is nonetheless a continuing requirement that a person within the reach of the statute shall meet its terms. Surely the burden would not be the State's to prove the precise day or moment upon which the failure ripened into an offense. It is more consonant with the objective of the statute to deem noncompliance to be a continuous offense so long as the individual is required by the statute to be registered, so that any 24-hour interval will suffice for a conviction even though only one conviction may be had with respect to one continuous failure to comply with that section. *Cf. United States v. Toussie*, 280 *F. Supp.* 473 (*E. D. N. Y.* 1967).

Thus the offense was a continuing one at the time of the arrest. That the officer was physically at the scene of the offense may not, however, always satisfy the statutory provision that the offense be committed in his "presence." The word "'presence' sums up the requirement that the officer know of the event by the use of his senses." *State v. Smith*, 37 *N. J.* 481, 495 (1962). Although in the case of a "crime," an officer may arrest upon probable cause supplied by others, he cannot arrest for an offense of a lower grade unless he himself knows of it. The thesis, no doubt, is that, unless the officer himself knows of the offense and the offender, it is better, in the light of the less serious nature of the alleged offense, to leave the determination of probable cause for an arrest to an officer in the judicial branch. See *Newark v. Murphy*, 40 *N. J. L.* 145, 149–150 (*Sup. Ct.* 1878) ; *Collins v. Cody*, 95 *N. J. L.* 65, 68 (*Sup. Ct.* 1920).

Yet the danger of a mistaken arrest is equally obviated when the officer, although not a witness to the offense, learns from the lips of the offender that he committed it. The officer then knows everything his senses could have gathered. So it has been held that an arrest may be made on the person's admission to the arresting officer even though without the admission the officer could not know of the offense. *State v. Gulczynski,* 2 *W. W. Harr.* 120, 32 *Del.* 120, 120 *A.* 88 (*Gen. Sess.* 1922) ; *Brown v. State,* 91 *So.* 2d 175 (*Fla. Sup. Ct.* 1956) ; *People v. Clark,* 9 *Ill.* 2d 400, 137 *N. E.* 2d 820 (*Sup. Ct.* 1956), overruled on other grounds, *People v. Watkins,* 19 *Ill.* 2d 11, 166 *N. E.* 2d 433 (*Sup. Ct.* 1960), *certiorari* denied, 364 *U. S.* 833, 81 *S. Ct.* 57, 5 *L. Ed.* 2d 59 (1960) ; *Campbell v. Commonwealth,* 203 *Ky.* 151, 261 *S. W.* 1107 (*Ct. App.* 1924) ; *Patterson v. Commonwealth,* 206 *Ky.* 258, 267 *S. W.* 160 (*Ct. App.* 1924) ; *Cornish v. State,* 215 *Md.* 64, 137 *A.* 2d 170 (*Ct. App.* 1957) ; *Blager v. State,* 162 *Md.* 664, 161 *A.* 1 (*Ct. App.* 1932) ; *Miles v. State,* 31 *Okl. Cr.* 4, 236 *P.* 907 (*Cr. Ct. App.* 1925) ; *Fisher, Laws of Arrest* 187 (1967).

In each of the cases just cited the offense (possession of an illicit object) was in fact going on in the physical "presence" of the officer although he could not detect it by his senses. It was the offender's admission which gave the officer the basis for the arrest. So with respect to a violation of the statute here involved, the admission of the offender of facts which show he did not give the required notice of change of address should suffice.

We said earlier that a violation of the notice provision is a continuous offense. We added that it should not matter if the offense revealed by the offender is a past event. The reason for the requirement of "presence" being to avoid mistaken arrests, the admission of the offender should be enough whether the offense is in progress or has been concluded. See *State v. McAfee,* 107 *N. C.* 812, 12 *S. E.* 435 (*Sup. Ct.* 1890) ; but see *Cowan v. Commonwealth,* 308 *Ky.* 842, 215 *S. W.* 2d 989 (*Ct. App.* 1948).

We see nothing unreasonable in. an arrest made upon the basis of the individual's own statement. Indeed it may be absurd to let the offender go when the chances of finding him thereafter are remote. We note that Tentative Draft No. 1 of *A Model Code of Pre-Arraignment Procedure* (*A. L. I.* March 1, 1966) would permit an arrest for a "misdemeanor," (we equate a "misdemeanor", as there used, with our disorderly persons offense) on reasonable cause if the arresting officer also has reasonable cause to believe the person "will not be apprehended unless immediately arrested." *Sec.* 3.01(1), *p.* 12; see Commentary on that section at *pp.* 106–107, and statutes collected in Appendix II, *pp.* 226–227.

The judgment is affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL and HANEMAN — 5.

*For reversal* — None.