**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Troy D. BARNES, Appellee (Defendant Below).**

**No. 90A04–9006–CR–277.**

Court of Appeals of Indiana, Fourth District.

Nov. 13, 1990.

Rehearing Denied Dec. 20, 1990.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellant.

Wendell L. Ham, Jr., Bluffton, for appellee.

Case Summary

CHEZEM, Judge.

Plaintiff/Appellant, State of Indiana (State), appeals the trial court's order granting suppression of all evidence in an action against Defendant/Appellee Troy D. Barnes (Defendant). We affirm.

Issue

Whether the trial court erred in granting Defendant's motion to suppress the evidence found following his arrest for criminal mischief, a misdemeanor. We affirm.

Facts

The facts most favorable to the judgment below are as follows:

On December 24, 1989, Officers Tammy Milholland and Jim Paxton of the Bluffton Police Department responded to a call of a man breaking into a residence at 236 N. Baldwin Street. Upon arrival, Officer Paxton found Defendant at the back of the house. Officer Milholland knew Defendant and was aware that he had lived at the home on and off in the past with the resident Lynn Therrien, but was unsure about the residence of Defendant at the time. Defendant explained to the Officers that he had been out with Therrien earlier and had

brought her home and was surprised that she would not let him in when he returned. Millholland noticed that the front door glass was broken. Defendant explained that he had broken it by knocking on it and that it had broken the same way before and he had fixed it. Defendant was arrested after he refused to leave for criminal mischief, a misdemeanor. After arrest and upon search of Defendant's coat, marijuana, various pills, and blotter acid, LSD, was found.

At the suppression hearing, the trial court granted Defendant's motion to suppress stating in part:

> Defendant's Motion to Suppress the contraband which was seized from the Defendant following his arrest is granted. With few exceptions, all of which are specifically delineated in Indiana law, there is no statutory authority for a law enforcement officer to arrest a person for a misdemeanor not committed in the officer's presence. The State of Indiana has stipulated in this case that the misdemeanor of criminal mischief was not committed in the presence of Officer Milholland. Therefore, the arrest of the Defendant was invalid and all evidence obtained pursuant to that invalid arrest must be suppressed.

### Discussion and Decision

Ind.Code 35–33–1–1 states:

(a) A law enforcement officer may arrest a person when the officer has:

> (4) Probable cause to believe the person is committing or attempting to commit a misdemeanor in the officers presence;

State asks this court to adopt an exception to this rule when a suspect admits that he was or is committing a misdemeanor. It is apparent that the danger of a mistaken arrest is virtually eliminated when the officer hears an admission of the crime from the mouth of the suspect.

State cites cases from several jurisdictions that have adopted such a rule. One of the cases cited, *State v. Morse*, 54 N.J. 32, 252 A.2d 723 (1969), stated,

> The reason for the requirement of "presence" being to avoid mistaken arrests,

the admission of the offender should be enough whether the offense is in progress or has been concluded. [citations omitted]

> We see nothing unreasonable in an arrest made upon the basis of the individual's own statement. Indeed it may be absurd to let the offender go when the chances of finding him thereafter are remote.

252 A.2d at 725–26. While we agree this exception should apply when there is an unequivocal admission of guilt, the present facts are not clear as to whether Defendant was admitting he committed criminal mischief by breaking the window or whether he was admitting the window shattered when he knocked on it in an attempt to wake the occupant—and not in an attempt to break into the dwelling. We do not feel that Defendant's statement was an unequivocal admission of guilt. At the suppression hearing Defendant's testimony was:

Q. Troy, limiting this to the specific comments that you made concerning the door, how did you tell Officer Milholland that the glass in the door got broke?
A. Well, the reason I wanted to talk to Lynn is to tell her that I broke the window by knocking on the door trying to wake her. Once before it was Plexiglass and I poked my hand through it. This time it was glass and it was twenty degrees out and I'm knocking on the door and it shatters. That is when they called the law and said I was trying to break in. I stuck around and tried to explain that I was just knocking on the door.

The State presented no testimony refuting Defendant's statement. Under this factual basis we cannot conclude that the trial court's suppression of the evidence based on an invalid arrest is erroneous.

Affirmed.

CONOVER, J., concurring.

SHIELDS, P.J., concurring in result.