James CANNON, Jr., Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 34A02–9902–CR–141.

Court of Appeals of Indiana.

Jan. 28, 2000.

Transfer Denied March 28, 2000.

---

Scott A. Kinsey, Kinsey Law Firm, Kokomo, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Barbara Gasper Hines, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BROOK, Judge

### Case Summary

Appellant-defendant James Cannon, Jr. ("Cannon") appeals his conviction of possession of cocaine as a Class C felony.[1] We reverse.

### Issue

Cannon presents for our review a single issue, which we restate as whether the trial court erred in denying his motion to suppress evidence obtained as a result of a canine sniff test of his vehicle.

### Facts and Procedural History

On February 20, 1997, Officer Keith Myers ("Officer Myers") of the Kokomo Police Department initiated a traffic stop of a Ford pickup truck driven by Cannon because the truck had no rear bumper. As he activated his emergency lights, Officer Myers observed Cannon turn around and reach with his right arm toward the floorboard of the truck. When the vehicles came to a stop, Cannon exited his truck and began to pace.

Officer Myers asked Cannon whether he had any weapons; Cannon responded negatively. Cannon displayed his hands upon Officer Myers' request and consented to a search of his person, but declined to give consent for a search of his truck. Officer Myers, who was trained in narcotics detection and drug interdiction work, then retrieved his canine from his police car and led him to Cannon's truck. The canine, which had been trained to react passively upon detection of a controlled substance, sniffed the exterior of Cannon's truck and sat down. Officer Ryan Shuey, assisted by Officer Myers, searched the interior of Cannon's truck and discovered two prescription bottles. The bottles contained several cream-colored rocks, subsequently identified as "rock" cocaine with an aggregate weight of 8.1 grams.

Prior to trial, Cannon moved to suppress evidence of the cocaine obtained from his truck. At the conclusion of a suppression hearing, Cannon's motion was denied. On September 28, 1998, Cannon was tried before a jury on charges of dealing in cocaine as a Class A felony[2] and possession of cocaine as a Class C felony.[3] Cannon was acquitted of dealing in cocaine, but convicted of possession of cocaine. He was sentenced to six years' imprisonment and now appeals his conviction.

### Discussion and Decision

Cannon claims that the evidence obtained pursuant to the canine sniff test of his vehicle was inadmissible. He concedes that the initial traffic stop was proper, but argues that Officer Myers lacked the requisite reasonable suspicion to detain the truck for further investigation. We agree.

The admissibility of evidence is within the sound discretion of the trial court and will not be disturbed absent a showing that the trial court abused its discretion. *Johnson v. State*, 710 N.E.2d 925, 927 (Ind.Ct.App.1999). Upon review of a trial court's ruling on a motion to suppress evidence, we will examine the evidence most favorable to the ruling, together with any uncontradicted evidence. *Callahan v. State*, 719 N.E.2d 430, 434 (Ind.Ct.App.1999). We will neither reweigh the evidence nor judge witness credibility. *Johnson*, 710 N.E.2d at 927.

A routine traffic stop is a relatively brief encounter, and generally the officer issuing a traffic citation faces a safety threat that is a good deal less than that present in the case of a custodial arrest. *Knowles v. Iowa*, 525 U.S. 113, 119 S.Ct. 484, 487–88, 142 L.Ed.2d 492 (1998). While the concern for officer safety in this context may justify a "minimal" additional intrusion of ordering a driver and passengers out of a vehicle, it does not by itself justify a full field-type search.

---

1. *See* Ind.Code § 35–48–4–6(a)(b)(1).

2. *See* Ind.Code § 35–48–4–1(a)(2)(C),(b)(1).

3. *See* Ind.Code § 35–48–4–6(a)(b)(1)(A).

*Id.* In other words, while the Fourth Amendment to the United States Constitution permits a search incident to a custodial arrest, it does not permit a search incident to a traffic citation. *Id.*

■ Indeed, we have held that sniff testing by a trained narcotics detection canine is not a search within the meaning of the Fourth Amendment. *State v. Watkins,* 515 N.E.2d 1152, 1155 (Ind.Ct.App. 1987). Detention of personal property for such a sniff test is not prohibited if law enforcement authorities have reasonable suspicion to believe the property contains narcotics. *Kenner v. State,* 703 N.E.2d 1122, 1125 (Ind.Ct.App.1999), *trans. denied.* The ensuing alert of a trained narcotics detection canine can then provide the probable cause necessary to obtain a search warrant. *Id.*

■ Thus, the dispositive question before us is whether the sniff test of Cannon's truck was premised upon a reasonable suspicion that it contained narcotics. The reasonable suspicion requirement is satisfied where the facts known to the officer, together with the reasonable inferences arising from such facts, would cause an ordinarily prudent person to believe that criminal activity has occurred or is about to occur. *Carter v. State,* 692 N.E.2d 464, 466 (Ind.Ct.App.1997). Reasonable suspicion entails something more than an inchoate and unparticularized suspicion or hunch, but considerably less than proof of wrongdoing by a preponderance of the evidence. *Luster v. State,* 578 N.E.2d 740, 743 (Ind.Ct.App.1991). Consideration of the totality of the circumstances necessarily includes a determination of whether the defendant's own actions were suspicious. *Carter,* 692 N.E.2d at 467.

■ At the suppression hearing Officer Myers testified that soon after he activated his emergency lights, he observed Cannon moving his right arm between the seats of his truck. Cannon stopped his truck, exited immediately, and began pacing. Although Cannon's "nervous" and "suspicious" demeanor differed from that which Officer Myers had observed during a traffic stop one month earlier, Cannon consented to a search of his person.[4] After the body search revealed no weapons, Officer Myers requested Cannon's permission to search his truck for weapons. Cannon stated that he had no weapons and declined to give consent for the vehicle search. Officer Myers testified that he felt Cannon was "being honest" about not having a weapon in his truck. He thus concluded that Cannon's apparent "nervousness" must have another cause and conducted a canine sniff test with a dog trained specifically in narcotics detection.

According to his own admission, Officer Myers' safety concerns had been alleviated before he retrieved his canine and led him around the perimeter of Cannon's truck. At that point, his lingering suspicion about the contents of Cannon's truck was premised solely on Cannon's "nervousness." Officer Myers' hunch based only on a vague and general characterization of demeanor did not rise to the level of reasonable suspicion. The sniff test of Cannon's truck was therefore unreasonable, and the cocaine found as a result thereof should have been suppressed.

Reversed.

NAJAM and ROBB, JJ., concur.

---

4. This court has recently held that a generalized suspicion that an individual presents a threat to an officer's safety does not authorize a patdown search. *See Jett v. State,* 716 N.E.2d 69, 70–71 (Ind.Ct.App.1999). The officer must hold a reasonable belief that the particular individual is armed and dangerous. *Id.* In *Jett,* a defendant's rapid exit from his vehicle during a traffic stop did not support a reasonable suspicion of dangerousness. Here, however, Cannon consented to the search of his person and does not challenge its propriety upon appeal.