Eldon R. LEITCH, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 92A04–9912–CR–536.

Court of Appeals of Indiana.

Oct. 30, 2000.

John C. Grimm, Grimm & Grimm, Auburn, Indiana, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Kostas A. Poulakidas, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BARNES, Judge

### Case Summary

Eldon Leitch appeals his convictions for dealing in a schedule II controlled substance, a Class B Felony, possession of a schedule II controlled substance, a Class C Felony, dealing in marijuana, a Class D Felony, possession of marijuana, a Class D Felony, and for being a habitual substance offender, 35–50–2–10. We affirm in part, reverse in part, and remand.

### Issue

Leitch presents one issue for our review, which we restate as whether the trial court erred in denying his motions to suppress evidence, namely amphetamines and marijuana, that police discovered in his vehicle. Sua sponte, we raise the issue of whether Leitch's convictions for both dealing and possessing a schedule II controlled substance and both dealing and possessing marijuana violate the state prohibition against double jeopardy.

### Facts

While on patrol in the early morning hours of December 30, 1997, Indiana State Police Trooper Rich Reynolds observed a car without a light illuminating its license plate. After deciding to investigate this infraction, Reynolds activated his lights and followed the car into the lot of a car wash establishment. The driver of the car drove into a bay and, although it was the middle of a winter night, he exited and picked up a spray nozzle as if he were going to wash the car. After Reynolds advised Leitch of the reason for the stop, he identified himself and told Reynolds that he "might be" a habitual traffic violator ("HTV"). Record p. 286. Reynolds spoke with a State Police dispatcher, who confirmed that the Bureau of Motor Vehicles' computers indicated Leitch was indeed an HTV.

Based upon this information, Reynolds decided to arrest Leitch for operating a vehicle as an HTV. After a local marshal arrived to provide backup, Reynolds handcuffed Leitch, placed him in the police car, and advised him that he was under arrest for that offense. Because Leitch told Reynolds that his sister, the owner of the car, was in Florida, Reynolds then called for a wrecker to tow the car to an impoundment lot. While waiting for the wrecker to arrive, Reynolds and the marshal searched the car's passenger compartment. That search uncovered, among other things, 449 grams of marijuana in the glove compartment and 6.65 grams of amphetamine and methamphetamine in a tin on the front seat.

Leitch was charged with dealing in a schedule II controlled substance, possession of a schedule II controlled substance within 1,000 feet of school property, dealing in marijuana, possession of marijuana in excess of 30 grams, operating a vehicle as an HTV, and with being a habitual substance offender. Leitch filed two motions to suppress introduction of the marijuana and amphetamines into evidence. The trial court denied both motions. The

State dismissed the HTV charge because it could not prove Leitch received notice of his right to administrative review of his HTV status. A jury found Leitch guilty of the dealing, possession, and habitual offender charges, though the trial court only entered sentencing orders on the dealing and habitual offender counts. This appeal ensued.

## Analysis

### I. Search Incident to Arrest[1]

Leitch contends that the marijuana and amphetamines were recovered pursuant to an illegal search of his vehicle and, therefore, should have been suppressed. Specifically, he maintains that Reynolds did not conduct a valid inventory search of the car. The State counters that the inventory search was valid, and alternatively that the search was incident to an arrest or that the contraband would have inevitably been discovered. We believe the search of the passenger compartment of Leitch's car was a proper search incident to an arrest and affirm on that basis. The admissibility of evidence is within the sound discretion of the trial court and will not be disturbed absent a showing that the trial court abused its discretion. *Cannon v. State,* 722 N.E.2d 881, 883 (Ind.Ct.App. 2000), *trans. denied.* Upon review of a trial court's ruling on a motion to suppress evidence, we will examine the evidence most favorable to the ruling, together with any uncontradicted evidence. *Id.* We will neither reweigh the evidence nor judge witness credibility. *Id.* Furthermore, we may affirm a trial court's ruling on admissibility on any theory supported by the record, even if the State argued a different theory of admissibility at the trial court

level. *See Weyls v. State,* 598 N.E.2d 610, 613 (Ind.Ct.App.1992), *trans. denied.*

An exception to the requirement of a judicially issued search warrant is a search incident to arrest. *Stevens v. State,* 701 N.E.2d 277, 280 (Ind.Ct.App.1998). "When a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). Such a search may include an examination of the contents of any containers found within the passenger compartment, including a glove compartment. *Id.* at n. 4. Furthermore, the fact that an arrestee has been removed from the scene is of no moment in determining whether a search of a vehicle incident to arrest is proper. *Jackson v. State,* 597 N.E.2d 950, 957 (Ind.1992), *cert. denied,* 507 U.S. 976, 113 S.Ct. 1424, 122 L.Ed.2d 793 (1993). For a search incident to arrest to be valid, the arrest itself must be lawful. *Stevens,* 701 N.E.2d at 280. Probable cause must be present to support the arrest. *Id.*

Although Leitch admits in his reply brief that "the Fourth Amendment to the United States Constitution permits a search incident to a custodial arrest," Appellant's Reply Brief p. 8, he essentially argues that the search at issue here was a search incident to a traffic citation, which is not constitutionally permissible.[2] *See Knowles v. Iowa,* 525 U.S. 113, 118–119, 119 S.Ct. 484, 488, 142 L.Ed.2d 492 (1998); *see also Cannon,* 722 N.E.2d at 883–84. We do not agree with Leitch's attempt to equate operating a vehicle as an HTV with speeding, as was the case in *Knowles,* or

---

1. Initially, we note that the State in its appellate brief asserted that Leitch had waived review of the trial court's suppression rulings because trial counsel failed to object to the introduction of the contested evidence at trial. However, this Court permitted Leitch to supplement the record with a written statement from the trial judge confirming that trial counsel had objected to the evidence and related testimony at trial, but that those objec-

tions were not recorded by the trial court's audio recording equipment. We believe this cures the potential waiver problem and will review the merits of Leitch's contentions.

2. Leitch makes no argument regarding the legality of the search under the Indiana Constitution.

driving a vehicle without a rear bumper, as was the case in *Cannon.* If Reynolds had searched Leitch's car based solely upon his stop for not having an illuminated license plate, we would be faced with a situation more akin to *Knowles* or *Cannon.* That is not the situation before us. An individual becomes an HTV only after accumulating a number of traffic violations; the number required varies with the seriousness of the violations. *See* Ind.Code § 9–30–10–4. Our legislature has determined that one who continues to operate motor vehicles even after having acquired HTV status poses such a danger to society that he or she may be found guilty of a class D felony for doing so. *See* Ind.Code § 9–30–10–16.

■ Leitch's implicit suggestion that searches of vehicles incident to arrest cannot be made where the arrest was for a traffic-related offense is directly contrary to the facts and holding of *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). There, the Supreme Court specifically said that it was

> [not] inclined ... to qualify the breadth of the general authority to search incident to a lawful custodial arrest on an assumption that persons arrested for the offense of driving while their licenses have been revoked are less likely to possess dangerous weapons than are those arrested for other crimes.... [There] is an adequate basis for treating all custodial arrests alike for purposes of search justification.

*Id.* at 234–35, 94 S.Ct. at 476. While *Robinson* did not involve an automobile search incident to arrest, nothing in *Knowles* purports to change the rule that there is no distinction for purposes of search justification based on the crime for which a person is arrested. Rather, the "bright-line rule" is simply that there must be a custodial arrest, as opposed to the mere issuance of a citation, before there

may be a full field search incident to arrest. *See Knowles,* 525 U.S. at 118–119, 119 S.Ct. at 488.

The law defining arrest is well-settled. An arrest is defined as a "taking of a person into custody, that he may be held to answer for a crime." Ind.Code § 35–33–1–5. An arrest has occurred when a police officer "interrupts the freedom of the accused an[d] restricts his liberty of movement." *Sears v. State,* 668 N.E.2d 662, 667 (Ind.1996). It cannot be denied that Leitch was placed under custodial arrest prior to the search of his car, given that he was handcuffed, placed in a police car, and told that he was under arrest. Moreover, Reynolds clearly had probable cause to believe Leitch had committed the felony of operating a vehicle as an HTV because he observed Leitch driving the car and was informed by a dispatcher that Leitch was an HTV after Leitch himself admitted he "might be" an HTV.[3] Record p. 286. Leitch's arrest was lawful. The fact that the prosecutor dismissed the HTV charge because he felt he could not prove beyond a reasonable doubt at trial that Leitch received notice of his right to administrative review of his HTV status does not alter the validity of Reynolds' on-the-scene probable cause determination. The search of the passenger compartment of Leitch's vehicle was a contemporaneous incident of his lawful arrest and was, therefore, valid.

## II. Double Jeopardy

■ Article I, Section 14 of the Indiana Constitution provides that "No person shall be put in jeopardy twice for the same offense." "[T]wo or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also

---

**3.** Probable cause exists where the facts and circumstances within the officer's knowledge are sufficient in themselves to warrant a person of reasonable caution to believe that the person being arrested has committed or is in the process of committing an offense. *Jackson,* 597 N.E.2d at 956–57.

establish the essential elements of another challenged offense." *Richardson v. State,* 717 N.E.2d 32, 49 (Ind.1999) (emphasis in original). Even if a party does not raise the issue of double jeopardy on appeal, a reviewing court may sua sponte address such an issue. *See Logan v. State,* 729 N.E.2d 125, 136 (Ind.2000).

Here, it is apparent under the facts of this case that the "actual evidence" used to convict Leitch of possession of a schedule II controlled substance was also used to establish an essential element of dealing in a schedule II controlled substance; the same is true with respect to the marijuana dealing and possession charges. The language of the State's multi-count information specifically charged Leitch with violating Indiana Code Sections 35–48–4–2(a)(2)(C) and 35–48–4–10(a)(2)(C), alleging that he "did knowingly possess with intent to deliver" amphetamines and marijuana. The evidence that Leitch knowingly possessed amphetamines and marijuana clearly was used by the State to support his convictions for both dealing in and possessing amphetamines and marijuana.

At Leitch's sentencing hearing, the trial court properly recognized the double jeopardy issue in this case and it therefore issued no sentencing order with respect to the jury's convictions on the possession charges. However, it did not vacate the possession convictions. We have held that where a defendant is found guilty of both a greater offense and a lesser included offense, the trial court's proper procedure is to vacate the conviction for the lesser included offense and enter a judgment of conviction and sentence only upon the greater offense. *Spry v. State,* 720 N.E.2d 1167, 1170 (Ind.Ct. App.1999), *trans. denied.* Therefore, we must reverse in part and remand to the trial court with instructions to vacate Leitch's convictions for possession of a schedule II controlled substance and possession of marijuana.

## Conclusion

We decline Leitch's invitation to hold that searches of vehicles incident to custodial arrest may not be conducted when the arrest was for a traffic-related offense, and instead follow the Supreme Court's clear mandate that all custodial arrests are alike for purposes of search justification, regardless of the type of offense for which a person was arrested. Leitch was under lawful custodial arrest for his suspected commission of a class D felony at the time Reynolds searched his vehicle. Thus, the vehicle search was a proper contemporaneous incident of that arrest, and, as a result, the trial court did not err in denying Leitch's motions to suppress the marijuana and amphetamines discovered during that search. Due to double jeopardy requirements we remand this cause with instructions to vacate Leitch's convictions for possession of a schedule II controlled substance and possession of marijuana. In all other respects the trial court's judgment is affirmed.

Affirmed in part, reversed in part, and remanded.

BAILEY, J., and RILEY, J., concur.