Keith WALKER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A02–0107–CR–457.

Court of Appeals of Indiana.

March 12, 2002.

Lee Calvin Buckley, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Keith Walker brings an interlocutory appeal of the trial court's denial of his motion to suppress. He presents the following restated issue for review: Was the warrantless search of his person properly justified by an exception to the warrant requirement?

We affirm.

The undisputed facts reveal that about 4:30 in the morning on May 8, 2000, Carmel Police Officer Jeffrey Horner observed a vehicle speeding and initiated a traffic stop. Walker was the only passenger in the vehicle. While Officer Horner was speaking with the driver, he could smell the odor of an alcoholic beverage emanating from the vehicle. Officer Horner could not identify from whom the odor was coming and did not observe any alcoholic beverage containers in the vehicle. The individuals denied consuming any alcohol that night. Believing that the individuals were underage, he obtained their driver's licenses and determined that both occupants were nineteen years of age.

After checking for outstanding warrants, Officer Horner returned to the vehicle and asked the driver to step out of the vehicle. He administered a portable breath test to her, which did not detect the presence of any alcohol. The driver was given a written warning for speeding.

Thereafter, Officer Horner asked Walker to exit the vehicle. While explaining the portable breath test, he detected the odor of alcohol coming from Walker's breath. Officer Horner then administered the breath test. While they were waiting for the results to register, Walker voluntarily stated that he had consumed alcohol that evening. Walker's breath test registered a blood alcohol level of 0.025%. At that point, Officer Horner informed Walker that he was under arrest for minor consumption of alcohol, which is a class C misdemeanor pursuant to Ind.Code Ann. § 7.1-5-7-7 (West Supp.2000). During a search incident to the arrest, Officer Horner discovered crack cocaine in Walker's pocket.

The State subsequently charged Walker with consumption of alcohol by a minor and possession of cocaine within 1000 feet of school property, a class B felony. Walker filed a motion to suppress challenging the legality of the search. Following a hearing, the trial court denied the motion. Walker filed two successive motions to reconsider, which were also denied. Upon request from Walker, the trial court certified the order for interlocutory appeal. We accepted jurisdiction of the appeal on July 19, 2001 pursuant to Ind. Appellate Rule 14(B).

Walker argues that his warrantless arrest for the misdemeanor offense of minor consumption was unlawful because the offense was not committed in Officer Horner's presence. Therefore, he contends that the trial court erred in denying his motion to suppress evidence, *i.e.*, the co-caine, obtained in the search incident to the illegal arrest.

Ind.Code Ann. § 35-33-1-1(a)(4) provides that "[a] law enforcement officer may arrest a person when the officer has ... probable cause to believe the person is committing or attempting to commit a misdemeanor in the officer's presence[.]" In *State v. Barnes*, 562 N.E.2d 63 (Ind.Ct. App.1990), we considered adopting an exception to this rule when an officer hears an admission of the crime from the suspect:

> It is apparent that the danger of a mistaken arrest is virtually eliminated when the officer hears an admission of the crime from the mouth of the suspect.

> State cites cases from several jurisdictions that have adopted such a rule. One of the cases cited, *State v. Morse*, 54 N.J. 32, 252 A.2d 723 (1969), stated,

>> The reason for the requirement of "presence" being to avoid mistaken arrests, the admission of the offender should be enough whether the offense is in progress or has been concluded. [citations omitted]

>> We see nothing unreasonable in an arrest made upon the basis of the individual's own statement. Indeed it may be absurd to let the offender go when the chances of finding him thereafter are remote.

> 252 A.2d at 725-26. While we agree this exception should apply when there is an unequivocal admission of guilt, the present facts are not clear as to whether Defendant was admitting he committed criminal mischief.... We do not feel that Defendant's statement was an unequivocal admission of guilt.

*State v. Barnes*, 562 N.E.2d at 64.

While we still find such reasoning persuasive, we agree with Walker that the construction of such an exception should

be left to the legislature. The plain language of the statute is unambiguous and does not allow for our creation of such an exception. *See Ashley v. State,* 757 N.E.2d 1037, 1040 (Ind.Ct.App.2001) ("[o]ur role on appeal is to interpret and apply the statute, and absent some ambiguity, we may not substitute language that is not there").

We are left to determine whether Walker committed the offense of minor consumption of alcohol in Officer Horner's presence. Minor consumption is unlike many other misdemeanor offenses that end after a specific act is performed. Here, direct evidence of the offense still exists and commission of the offense in a sense continues while the alcohol is in the minor's body. It would be futile to require an officer to actually observe a minor put the alcohol to his lips and swallow when, for a period of time thereafter, the officer can personally observe the effects of the alcohol on the offender. Therefore, we hold that the presence requirement is fulfilled when evidence of consumption is readily apparent from the minor's person to an officer in the minor's presence.[1]

In the instant case, Officer Horner not only received an admission from Walker that he had been drinking alcohol that evening, despite being only nineteen years of age, but also smelled alcohol on Walk-

er's breath and obtained a positive breath-test result from him.[2] The trial court did not err in denying Walker's motion to suppress, as Officer Horner had probable cause to believe Walker was committing the misdemeanor offense of minor consumption in his presence.

Judgment affirmed.

VAIDIK, J., and BARNES, J., concur.

---

1. We note that we may affirm the trial court's ruling on the motion to suppress on any theory supported by the evidence. *See Leitch v. State,* 736 N.E.2d 1284 (Ind.Ct.App.2000), *trans. denied.*

2. Walker briefly asserts at the end of his appellate brief that "the breath test constituted an unlawful search and any admissions pursuant to its results can only be construed as fruits of a poisonous tree." Appellant's Brief at 11. Walker's argument in this regard is replete with unsupported assertions of law and does not rise to the level of cogent argument required by Ind. Appellate Rule 46(A)(8). It is therefore waived. *See Howard*

*v. State,* 755 N.E.2d 242 (Ind.Ct.App.2001). We note that the only case authority cited by Walker is *Justice v. State,* 552 N.E.2d 844 (Ind.Ct.App.1990), which discusses exigent circumstances with regard to blood samples taken without permission. Without expressing an opinion in the instant case, we observe that in the context of chemical breath tests, we have recently held the threat of metabolic destruction of evidence of a suspect's intoxication to be exigent circumstances justifying, in that case, pursuit into a suspect's home. *See State v. Straub,* 749 N.E.2d 593 (Ind.Ct. App.2001).