**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 19 2013, 10:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SEAN JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1301-CR-8 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese Flowers, Commissioner
Cause No. 49F19-1209-CM-61051

**July 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Sean Johnson appeals his convictions for Possession of Marijuana[1] and Dealing Marijuana,[2] both class A misdemeanors. Johnson presents two issues for review:

1. Did the trial court abuse its discretion in admitting evidence seized as a result of a pat-down search of Johnson ?

2. Do Johnson's convictions for dealing and possession of the same marijuana violate double jeopardy protections?

We affirm in part, reverse in part, and remand with instructions.

On September 1, 2012, Indianapolis Metropolitan Police Officer Ryan Gootee and other officers on patrol received a dispatch concerning a large fight involving forty to fifty people at the Postbrook Apartments. Officer Gootee arrived on the scene and encountered a large, enraged crowd standing in close proximity to each other. Shortly after arriving on the scene, Officer Gootee received another dispatch informing him that an anonymous caller reported that a female wearing a black shirt, red shorts, red shoes, and a Cincinnati Reds hat was in possession of a gun at Officer Gootee's current location. Officer Gootee observed Johnson standing ten feet away from him, and noted that Johnson, though male, fit the clothing description detailed in the second dispatch.

Upon approaching Johnson, Officer Gootee, in close proximity to Johnson, smelled the odor of marijuana. Officer Gootee proceeded to conduct a pat-down search after deciding that officer safety would dictate a pat-down, especially in light of the second dispatch. Officer Gootee did not find a weapon. He did, however, retrieve eighteen corner baggies of

---

[1] Ind. Code Ann. § 35-48-4-11 (West, Westlaw current through June 29, 2013, excluding P.L. 205-2013.).
[2] Ind. Code Ann. § 35-48-4-10(a)(2)(C) (West, Westlaw current through June 29, 2013, excluding P.L. 205-2013.).

2

marijuana from Johnson's front, left pocket. Officer Gootee arrested Johnson, and subsequent forensic testing confirmed that the substance in Johnson's pocket was marijuana with a total weight of 19.52 grams.

The State charged Johnson with possession of marijuana and dealing marijuana. The trial court found him guilty as charged following a bench trial. Johnson was sentenced to 365 days for each count to be served concurrently, with 357 days suspended to probation, and credit for time served. Johnson now appeals.

1.

Johnson contends the trial court abused its discretion by admitting evidence seized during the police pat-down search. Johnson initially challenged the admission of evidence through a motion to suppress, and is now appealing its admission after a completed trial. The admission or exclusion of evidence is within the sound discretion of the trial court and the trial court's decision on such matters will be reversed on appeal only for an abuse of discretion. *Palilonis v. State*, 970 N.E.2d 713 (Ind. Ct. App. 2012). An abuse of discretion occurs when the trial court's ruling is clearly against the logic and effect of the facts and circumstances before the court. *Id*. Further, a trial court abuses its discretion when its ruling is based on an error of law. *S.G. v. State,* 956 N.E.2d 688 (Ind. Ct. App. 2011). When reviewing the admissibility of evidence, we do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Collins v. State*, 822 N.E.2d 218 (Ind. Ct. App. 2005). However, we must consider uncontested evidence favorable to Johnson. *Id*. In addition, the ultimate determination of the constitutionality of a search or

seizure is reviewed *de novo*. *Woodson v. State*, 966 N.E.2d 135 (Ind. Ct. App. 2012), *trans. denied.*

Johnson argues he was wrongly searched based on an anonymous tip and the evidence was seized in violation of the federal and state constitutions. The Fourth Amendment of the United States Constitution affords individuals protection from unreasonable searches and seizures. *Woodson v. State*, 960 N.E.2d 224 (Ind. Ct. App. 2012). Johnson claims Officer Gootee conducted an investigatory stop without reasonable suspicion, based upon Officer Gootee's reliance on an anonymous tip. We conclude Officer Gootee's pat-down was appropriate under the heightened standard of probable cause. Police/citizen encounters can be characterized in three different ways:

> There are three levels of police investigation, two of which implicate the Fourth Amendment and one of which does not. First, the Fourth Amendment requires that an arrest or detention that lasts for more than a short period of time must be justified by probable cause. Second, pursuant to Fourth Amendment jurisprudence, the police may, without a warrant or probable cause, briefly detain an individual for investigatory purposes if, based upon specific and articulable facts, the officer has a reasonable suspicion that criminal activity has or is about to occur. The third level of investigation occurs when a police officer makes a casual and brief inquiry of a citizen, which involves neither an arrest nor a stop. This is a consensual encounter in which the Fourth Amendment is not implicated.

*State v. Calmes*, 894 N.E.2d 199, 202 (Ind. Ct. App. 2008).

The factual circumstances show that Officer Gootee's initial contact with Johnson was consensual. The record confirms Officer Gootee approached Johnson among a crowd and did not initially detain him in any manner. An individual's constitutional rights are not violated when a police officer approaches him and asks questions. *Sellmer v. State*, 842 N.E.2d 358 (Ind. Ct. App. 2006). Moreover, seizure or detainment does not occur until

4

physical force is applied or movement is restrained in some way, which did not occur in the present case. *California v. Hodari D.*, 499 U.S. 621 (1991). Therefore, Officer Gootee's initial approach of Johnson was consensual and did not implicate any Fourth Amendment protections.

In addition, when Officer Gootee walked within inches of Johnson, Officer Gootee smelled an odor of raw marijuana. Officer Gootee testified that his training and experience as a police officer lead him to conclude the odor was from raw marijuana. Due to Officer Gootee's proximity to Johnson, Officer Gootee reasonably inferred that the smell was emanating from Johnson. Moreover, the smell of raw marijuana was sufficient to provide probable cause for Officer Gootee to arrest Johnson and perform a search incident to arrest. *See United States v. Humphries*, 372 F.3d 653 (4th Cir. 2004) (when an officer smells marijuana and can localize its source to a person, the officer has probable cause to believe that person has committed or is committing a crime); *Edmond v. State*, 951 N.E.2d 588 (Ind. Ct. App. 2011) (based on smell of marijuana on defendant's breath and emanating from his car, police had probable cause to arrest and conduct a search of his person). Accordingly, Johnson's Fourth Amendment rights were not violated by Officer Gootee's initial encounter or subsequent pat-down.

Also, Johnson's claim that the search violated his state constitutional rights, enumerated in article 1 section 11 of the Indiana Constitution, fails upon review. When search or seizure is analyzed under the Indiana constitution, the court evaluates the reasonableness of the officer's conduct under the totality of the circumstances. *Litchfield v.*

5

*State,* 824 N.E.2d 356 (Ind. Ct. App. 2005). "The totality of the circumstances requires consideration of both the degree of intrusion into the subject's ordinary activities and the basis upon which the officer selected the subject of the search or seizure." *State v. Lefevers*, 844 N.E.2d 508, 515 (Ind. Ct. App. 2006). Therefore, the reasonableness of a search or seizure under the Indiana Constitution requires a balancing of "(1) the degree of concern, suspicion, or knowledge that a violation has occurred; (2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities; and (3) the extent of law enforcement needs." *Trotter v. State*, 933 N.E.2d 572 (Ind. Ct. App. 2010).

In the present case, Officer Gootee's degree of concern was high. Johnson's attire matched the description given to police concerning a possible suspect with a gun at Johnson's and Officer Gootee's current location. Also, Johnson was part of an excited crowd containing 40 to 50 people, and an odor of raw marijuana was emanating from Johnson when Officer Gootee was within inches of him. Therefore, Officer Gootee's search of Johnson was reasonable due to a high level of concern stemming from the aforementioned circumstances. Although Officer Gootee's pat-down and intrusion into Johnson's ordinary activities was not minor, the pat-down was necessary to maintain public and law-enforcement safety. Ultimately, the smell of marijuana emanating from Johnson provided Officer Gootee with probable cause to perform a pat-down. *See Meek v. State*, 950 N.E.2d 816 (Ind. Ct. App. 2011), *trans. denied* (Indiana Constitution was not violated where odor of raw marijuana, along with other circumstances, justified pat-down of the defendant and the admission into evidence of marijuana found on defendant).

Also, Johnson contends that Officer Gootee's original intention was to search him regardless of whether probable cause existed. This does not have any bearing on the legality of the search if probable cause does exist. "So long as probable cause exists to make an arrest . . . a police officer's subjective belief concerning whether he has probable cause to arrest a defendant has no legal effect." *Sebastian v. State*, 726 N.E.2d 827, 830 (Ind. Ct. App. 2000).

2.

Johnson also argues that his convictions for dealing and possession of the same marijuana violate double jeopardy prohibitions. The state concedes the error. In the present case, Johnson's convictions stemmed from the same marijuana, and this violates double jeopardy concerns. See *Leitch v. State*, 736 N.E.2d 1284 (Ind. Ct, App. 2000), *trans. denied* (possession of marijuana is a lesser included offense of dealing marijuana, where the same marijuana is the subject of both counts, and convictions for both violates double jeopardy). Therefore, we remand with instructions to vacate Johnson's conviction for possession of marijuana.

We affirm in part, reverse in part, and remand with instructions.

ROBB, C.J., and CRONE, J., concur.