Scoey SCOTT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0202–CR–138.

Court of Appeals of Indiana.

Oct. 3, 2002.

Allan W. Reid, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

### OPINION

ROBB, Judge.

Scoey Scott appeals from the trial court's denial of his motion to suppress evidence obtained from his automobile. We reverse.

#### Issue

Scott raises a single issue for our review, which we restate as follows: whether the trial court properly denied his motion to suppress evidence seized from his unoccupied automobile.

#### Facts and Procedural History

On July 14, 2001, Officer Alan Hopkins responded to a call of individuals smoking marijuana at a school playground. When he arrived at the scene he found Scott and two other individuals sitting on a bench. There were also three additional individuals standing next to the bench. In the parking lot near the playground there was a gold-colored Cadillac, later identified as Scott's vehicle, with its stereo playing.

Officer Hopkins parked his patrol car near Scott's vehicle and walked across the

playground toward the individuals. As he approached, he detected the smell of burnt marijuana lingering in the air. He also noticed a bottle of liquor and a CD case containing a green leafy substance. Officer Hopkins then performed a pat-down on Scott in order to check for weapons. During the pat-down, Scott informed Officer Hopkins that he possessed a collapsible asp[1] in his waistband. Officer Hopkins also noticed a large bulge in Scott's front pocket that turned out to be folded money. Officer Hopkins found nothing else on Scott's person. He then placed Scott in handcuffs for safety purposes, and proceeded to pat-down the five other individuals.

The pat-down searches of the five other individuals resulted in the discovery of a large bag of marijuana on one person. In addition, Officer Hopkins found a cellophane bag of loose-leaf marijuana lying behind two of the individuals. There were no weapons found on any of the individuals at the scene.

When additional police officers arrived at the playground, one officer walked over to the parking lot in order to turn down the radio playing in Scott's vehicle. When the officer approached the vehicle, he noticed an odor of raw marijuana coming from the inside of it. Soon after, Officer Hopkins approached Scott's vehicle and noted the smell of raw marijuana as well. Both officers observed in the passenger seat seeds and stems, as well as the top of a seared cellophane bag that they believed matched a cellophane bag found in the possession of one of the individuals previously searched at the playground. Officer Hopkins proceeded to enter and search the entire vehicle. When Officer Hopkins opened the glove box of Scott's vehicle, he found a bag of raw marijuana inside.

At the time the search of Scott's vehicle occurred, Scott was handcuffed for safety purposes on the playground some distance from the parking lot. There were no weapons discovered at the scene. The officers did not obtain Scott's consent to search the vehicle, nor did they procure a search warrant.

The State charged Scott with one count of dealing in marijuana and two counts of possession of marijuana. On August 8, 2001, Scott moved to suppress evidence obtained from his person or his automobile. The trial court denied his motion to suppress. Scott sought and was granted certification of the trial court's denial for interlocutory appeal and this court accepted jurisdiction by order dated March 25, 2002.

### Discussion and Decision

#### I. Standard of Review

We review the denial of a motion to suppress in a manner similar to other sufficiency matters. We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. However, unlike the typical sufficiency of the evidence case where only the evidence favorable to the judgment is considered, we must also consider the uncontested evidence favorable to the defendant. *Overstreet v. State*, 724 N.E.2d 661, 663 (Ind.Ct.App.2000).

#### II. Warrantless Search of Scott's Automobile

##### A. United States Constitution[2]

The Fourth Amendment of the United States Constitution protects indi-

---

1. A "collapsible asp" is a striking device, similar to a baton, which is sometimes used by police officers.

2. Although Scott's motion to suppress sought to suppress evidence found on his person and in his automobile, his argument on appeal focuses solely on the search of his automobile.

viduals against unreasonable searches and seizures. "Under the federal constitution, searches and seizures 'conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions.'" *Middleton v. State,* 714 N.E.2d 1099, 1101 (Ind.1999) (quoting *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). The burden of proof is on the State to prove that a warrantless search or seizure falls within one of the exceptions. *Id.*

■ One delineated exception is the "automobile exception" first recognized in *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). *Green v. State,* 647 N.E.2d 694, 695 (Ind.Ct.App. 1995). In *Carroll,* the United States Supreme Court recognized the practical difficulty inherent in securing warrants to search movable conveyances. *Id.* However, the Supreme Court stressed that a warrant must be used where it is reasonably practicable. *Id.* at 694–95 (quoting *Carroll,* 267 U.S. at 154, 156, 45 S.Ct. 280).

This court recently discussed the automobile exception established in *Carroll.* We stated that "[w]hen probable cause exists to believe that a vehicle contains evidence of a crime, a warrantless search of the vehicle does not violate the Fourth Amendment because of the exigent circum-

stances arising out of the likely disappearance of the vehicle." *Edwards v. State,* 762 N.E.2d 128, 134 (Ind.Ct.App.2002) (citing *California v. Acevedo,* 500 U.S. 565, 569, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991)). In *Edwards,* we held that there were no exigent circumstances because the vehicle had been impounded. *Id.* at 134–35. On rehearing, we rejected the State's contention that we improperly required a showing of exigent circumstances when the "automobile exception" contains no such requirement. When the car was impounded, it was no longer "inherently mobile" and likely to disappear and thus, no longer within the automobile exception. *Edwards v. State,* 768 N.E.2d 506, 508 (Ind.Ct.App. 2002).

■ If a vehicle is no longer "inherently mobile" and obtaining a search warrant is reasonably practicable, then the automobile exception does not apply. *See id.* at 508–09. Although Scott's vehicle was not formally impounded as in *Edwards,* the same principle applies here.[3] When the officers performed their warrantless search of Scott's vehicle, it was parked legally in a school parking lot and surrounded by police officers. It was not blocking traffic or any exit or entrance to the school. At the time the search occurred, Scott was detained in handcuffs for safety purposes on the playground some distance from the vehicle. There was nei-

---

**3.** In *Middleton,* our supreme court based its decision on the same principle. 714 N.E.2d 1099 (Ind.1999). In that case, a realtor was showing a home to an off-duty probationary police officer and his wife. When the officer entered an upstairs bedroom he saw on a nightstand what he believed to be marijuana, along with seeds, stems, rolling papers and scales. The officer immediately left the residence and radioed for assistance from his police vehicle. Several officers arrived at the residence a few minutes later and gathered outside. All of the doors to the residence were closed, and the realtor asked the officers not to enter the residence. However, after a few minutes of discussion, the officers entered the residence and seized the items from the nightstand. The court held that the seizure was unreasonable based on the absence of exigent circumstances or one of the recognized exceptions. *Id.* at 1102. The supreme court noted that the officers were able to secure the area during the short time necessary to obtain a search warrant. Because securing the house eliminated any risk of destruction of evidence and obtaining a search warrant was reasonably practicable, the seizure was unreasonable. *Id.* at 1103.

ther a shortage of time, nor an emergency situation for the officers to deal with. No weapons were discovered at the scene, and there was no threat that the car might disappear and become lost to the police. Because Scott's vehicle was not inherently mobile and obtaining a search warrant would have been reasonably practicable under the circumstances, we hold that the automobile exception did not apply to Scott's situation. As the State showed no other exigent circumstances justifying a warrantless search, the subsequent search of Scott's vehicle and seizure of evidence therein violated Scott's Fourth Amendment rights.[4]

### B. Indiana Constitution

Under Article One, section eleven of the Indiana Constitution, the search and seizure analysis is slightly different than under the Fourth Amendment. The purpose of Article One, section eleven is "to protect from unreasonable police activity those areas of life that Hoosiers regard as private." *Brown v. State,* 653 N.E.2d 77, 79 (Ind.1995). Our supreme court recognized that "Hoosiers regard their automobiles as private and cannot easily abide their uninvited intrusion." *Id.* at 80. In deciding whether a warrantless search and seizure violates Article One, section eleven, we must determine whether, under the totality of the circumstances, the warrantless search of Scott's car was reasonable. *See id.* at 79–80.

In *Brown,* our supreme court concluded that, given the facts of that case, the search of the defendant's vehicle without a warrant was unreasonable. *Id.* at 80. The court noted that the defendant's car was parked in a residential neighborhood and surrounded by police cars. *Id.* The car was unoccupied, and there was little likelihood that the car would be moved and thus lost to police. *Id.* There was neither a shortage of time nor an emergency situation, and the police were not engaged in a community caretaking function. *Id.* Scott argues that his circumstances are similar to those in *Brown.* We agree.

In Scott's case, given the totality of the circumstances, there is no valid reason why Officer Hopkins and the other officers could not have attempted to obtain a search warrant before searching Scott's vehicle. Scott's vehicle was legally parked in the school parking lot, not blocking any entrances or exits to the school. The officers could have easily restricted all access to the vehicle and eliminated any risk of destruction of evidence. Scott was handcuffed on a bench at the playground some distance from the parking lot. The vehicle was unoccupied, and therefore there was little likelihood that the car would be moved or lost to the police. Finally, there were no weapons found on the scene and nothing in the record to indicate that any type of emergency situation existed. Given the totality of these circumstances we cannot say that Officer Hopkins' search of Scott's vehicle was reasonable. Therefore, the warrantless search and seizure violated Scott's rights under Article One, section eleven of the Indiana Constitution.

### Conclusion

The trial court abused its discretion in denying Scott's motion to suppress evidence seized during the warrantless search

---

4. Scott also contends that the officers lacked probable cause to search his vehicle on the odor of raw marijuana alone. Although this Court has held that the odor of burned marijuana emanating from an occupied vehicle may be sufficient probable cause for an officer to perform a warrantless search, our reso-

lution of this case does not require us to decide the issue of whether the odor of raw marijuana alone is sufficient probable cause to perform a warrantless search on an unoccupied vehicle. *See State v. Hawkins,* 766 N.E.2d 749, 751 (Ind.Ct.App.2002). We leave that question for another day.

of his car. The search of Scott's vehicle constituted an unreasonable search and seizure under the Fourth Amendment and also under Article One, section eleven of the Indiana Constitution. The judgment of the trial court is reversed.

Reversed.

RILEY, J., and MATTINGLY–MAY, J., concur.