**John P. MYERS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 72A01–0306–CR–217.

Court of Appeals of Indiana.

April 20, 2004.

Transfer Granted June 3, 2004.

Thomas J. Lantz, Ryan W. Redmon, Montgomery, Elsner & Pardieck, LLP, Seymour, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Senior Judge.

### Case Summary

Appellant-defendant John P. Myers appeals from the denial of his motion to suppress a handgun seized during a warrantless search of his vehicle. We affirm.

### Issue

We combine and restate the three issues Myers presents as whether the warrantless search of his vehicle was unreasonable under the Fourth Amendment to the United States Constitution.[1]

---

1. Myers also asserts that the search was unreasonable under Article I, Section 11 of the Indiana Constitution. Myers recites a standard of review for state constitutional claims but relies solely on Fourth Amendment jurisprudence to support his assertion. The State contends, and we agree, that Myers has waived this claim because he has failed to offer an analysis supporting an independent standard under the state constitution. *See Abel v. State*, 773 N.E.2d 276, 278 n. 1 (Ind. 2002).

## Facts and Procedural History [2]

The Scott County School Board authorized the use of police dogs to conduct general sweeps for narcotics on school property. On December 12, 2002, police notified officials at Austin High School that they would be conducting a sweep that morning. School officials locked the students in their classrooms for safety purposes. K–9 patrol officers arrived to conduct a sweep of student lockers and vehicles. If one dog detected the scent of narcotics, then a second dog would be brought to that location. If the second dog detected the scent of narcotics, then a school official would search the locker or vehicle.

Two dogs twice detected the scent of narcotics upon sniffing a red Jeep Cherokee in the school parking lot. The school system's license plate records linked the Jeep to Myers. Myers was summoned to the parking lot. The assistant principal confirmed that the Jeep belonged to Myers and asked him to unlock the door. Myers complied. The assistant principal searched the Jeep and found a loaded handgun under the driver's seat.

The State charged Myers with possession of a firearm on school property, a Class D felony. *See* Ind.Code § 35–47–9–2. Myers moved to suppress the handgun seized during the warrantless search of his Jeep. On May 15, 2003, the trial court denied Myers's motion to suppress. This interlocutory appeal ensued.

## Discussion and Decision

■ The Fourth Amendment to the United States Constitution provides,

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourth Amendment protects against unreasonable searches and seizures. *Johnson v. State*, 766 N.E.2d 426, 432 (Ind. Ct.App.2002), *trans. denied.* Generally, a search warrant is required to conduct a lawful search. *Id.* Before we may address Myers's contention that the warrantless search of his Jeep was unreasonable under the Fourth Amendment, we must determine the proper standard for assessing the legality of the search and the propriety of the suspicionless canine sweep.

■ "Ordinarily, a search—even one that may permissibly be carried out without a warrant—must be based upon 'probable cause' to believe that a violation of the law has occurred." *New Jersey v. T.L.O.*, 469 U.S. 325, 340, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). "Probable cause to search exists where the facts and circumstances within the knowledge of the officer making the search, based on reasonably trustworthy information, are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *State v. Hawkins*, 766 N.E.2d 749, 751 (Ind.Ct.App.2002), *trans. denied.*

In *T.L.O.*, the United States Supreme Court held that the legality of the search of a student conducted by school officials acting alone and on their own authority does not depend on the existence of probable cause, but only on whether the " 'action was justified at its inception' " and whether the search " 'was reasonably related in scope to the circumstances which justified the interference in the first place.' " *T.L.O.*, 469 U.S. at 341, 105 S.Ct. 733 (citations omitted). The *T.L.O.* court spe-

**2.** Myers's motion for oral argument is hereby denied.

cifically reserved the question "of the appropriate standard for assessing the legality of searches conducted by school officials in conjunction with or at the behest of law enforcement agencies[.]" *Id.* at n. 7.

One might argue that question is presented by the facts of this case, but we need not decide it because the more stringent standard of probable cause was met here. It is well settled that a trained dog's alert to the scent of narcotics gives rise to probable cause to search a vehicle. *See Cannon v. State,* 722 N.E.2d 881, 884 (Ind. Ct.App.2000), *trans. denied; Kenner v. State,* 703 N.E.2d 1122, 1125 (Ind.Ct.App. 1999), *trans. denied.* Here, two trained dogs twice alerted to the scent of narcotics after sniffing Myers's Jeep, thereby providing ample probable cause to search the vehicle.[3]

Nevertheless, Myers relies on *Cannon* and *Kenner* to assert that canine sweeps may not be conducted absent reasonable suspicion of criminal activity. We disagree. Those cases state that reasonable suspicion of criminal activity must exist before police may *detain* a vehicle to conduct a canine sweep. *See Cannon,* 722 N.E.2d at 884 ("Detention of · personal property for such a sniff test is not prohibited if law enforcement authorities have reasonable suspicion to believe the property contains narcotics."); *Kenner,* 703 N.E.2d at 1125 ("Also, the Fourth Amendment does not prohibit law enforcement authorities from detaining personal property for a sniff test by a trained narcotics detection dog if there is reasonable suspicion to believe the property contains narcotics."). Myers does not assert that his

Jeep was detained for Fourth Amendment purposes during the canine sweep; as such, reasonable suspicion was not a prerequisite for the sweep.

We now address the merits of Myers's contention that the warrantless search of his Jeep was unreasonable under the Fourth Amendment and that the trial court erred in denying his motion to suppress the handgun seized as a result of the search. We review denial of motions to suppress as a matter of sufficiency, considering the evidence favorable to the trial court's ruling and any uncontradicted evidence to the contrary to determine whether there is sufficient evidence to support the ruling. *Griffith v. State,* 788 N.E.2d 835, 839 (Ind.2003) (addressing validity of warrantless arrest).

"Searches conducted without a warrant are per se unreasonable subject to a few well delineated exceptions. The State bears the burden of establishing that a warrantless search falls within an exception to the warrant requirement. One exception to the warrant requirement is the automobile exception." *Johnson,* 766 N.E.2d at 432 (citations omitted). In *Pennsylvania v. Labron,* 518 U.S. 938, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996), the United States Supreme Court noted that the "first cases establishing the automobile exception to the Fourth Amendment's warrant requirement were based on the automobile's 'ready mobility,' an exigency sufficient to excuse failure to obtain a search warrant once probable cause to conduct the search is clear." *Id.* at 940, 116 S.Ct. 2485.[4] The *Labron* court further stated,

---

**3.** It is also well settled that "smell testing by a trained dog is not a search within the meaning of the Fourth Amendment." *Kenner,* 703 N.E.2d at 1125. Myers acknowledges this axiom in passing, yet he repeatedly mischar-

acterizes a canine sniff as a "search." *See* Appellant's Br. at 18, 20, 22, 23.

**4.** In his dissent in *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), Justice Marshall observed, "This 'mo-

"More recent cases provide a further justification: the individual's reduced expectation of privacy in an automobile, owing to its pervasive regulation." *Id.* (citing *California v. Carney,* 471 U.S. 386, 390–93, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985)). In *Carney,* the Court explained,

> When a vehicle is being used on the highways, or if it is readily capable of such use and is found stationary in a place not regularly used for residential purposes—temporary or otherwise—the two justifications for the vehicle exception come into play. First, the vehicle is obviously readily mobile by the turn of an ignition key, if not actually moving. Second, there is a reduced expectation of privacy stemming from its use as a licensed motor vehicle subject to a range of police regulation inapplicable to a fixed dwelling. At least in these circumstances, the overriding societal interests in effective law enforcement justify an immediate search before the vehicle and its occupants become unavailable.

*Carney,* 471 U.S. at 392–93, 105 S.Ct. 2066 (footnote omitted).

The Supreme Court has emphasized that the automobile exception has no separate exigency requirement. *See Maryland v. Dyson,* 527 U.S. 465, 467, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999) ("We made this clear in *United States v. Ross,* 456 U.S. 798, 809, 102 S.Ct. 2157, 72 L.Ed.2d 572 ... (1982), when we said that in cases where there was probable cause to search a vehicle 'a search is not unreasonable if based on facts that would justify the issuance of a warrant, *even though a warrant has not been actually obtained.*'") (emphasis in *Dyson*); *see also Labron,* 518 U.S. at 940, 116 S.Ct. 2485 ("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more."). In *Michigan v. Thomas,* 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982), the Court explained that "the justification to conduct such a warrantless search does not vanish once the car has been immobilized, nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant." *Id.* at 261, 102 S.Ct. 3079 (footnote omitted); *see also South Dakota v. Opperman,* 428 U.S. 364, 367, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) ("[T]he inherent mobility of automobiles creates circumstances of such exigency that, as a practical necessity, rigorous enforcement of the warrant requirement is impossible. But the Court has also upheld warrantless searches where no immediate danger was presented that the car would be removed from the jurisdiction.") (citing, *inter alia, Chambers v. Maroney,* 399 U.S. 42, 51–52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), and *Cooper v. California,* 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967)).[5]

In *Carney,* federal agents had probable cause to believe that the defendant was selling marijuana in a motor home parked in a downtown San Diego lot. The defendant exited the motor home in response to

---

bility' rationale is something of a misnomer, since the police ordinarily can remove the car's occupants and secure the vehicle on the spot." *Id.* at 830, 102 S.Ct. 2157 (Marshall, J., dissenting) (citation omitted).

**5.** In light of these precedents, we are unpersuaded by Myers's reliance on *Scott v. State,* 775 N.E.2d 1207 (Ind.Ct.App.2002), *trans. denied* (2003), in which a different panel of this court held that the search of the handcuffed appellant's vehicle was unreasonable because the vehicle "was not inherently mobile and obtaining a search warrant would have been reasonably practicable under the circumstances[.]" *Id.* at 1211.

a knock at his door, whereupon one of the assembled agents entered the vehicle and observed marijuana and related paraphernalia. The Court held that the warrantless search was reasonable under the Fourth Amendment. *Carney,* 471 U.S. at 394–95, 105 S.Ct. 2066. Here, we have determined that probable cause existed to search Myers's Jeep for contraband. The Jeep was readily mobile by the turn of an ignition key, and, as a high school student who parked his vehicle on school property, Myers had an even lesser expectation of privacy in his vehicle than that of the typical motorist and was subject to a wider range of police regulation. *See, e.g., Vernonia School Dist. 47J v. Acton,* 515 U.S. 646, 656, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995) (noting that "Fourth Amendment rights, no less than First and Fourteenth Amendment rights, are different in public schools than elsewhere"); Ind.Code § 35–47–9–2 (outlawing possession of a firearm on school property). The fact that Myers was surrounded by school and law enforcement officials and was therefore unlikely to drive the Jeep away is irrelevant in determining the reasonableness of the search. *See Thomas,* 458 U.S. at 261, 102 S.Ct. 3079; *Opperman,* 428 U.S. at 367, 96 S.Ct. 3092. Under these circumstances, we conclude that the warrantless search of Myers's Jeep was reasonable under the Fourth Amendment and that the trial court properly denied Myers's motion to suppress.

Affirmed.

SULLIVAN, J., concurs.

ROBB, Judge, dissents with opinion.

I respectfully dissent from the majority's conclusion that the warrantless search of Myers's vehicle did not violate the Fourth Amendment because if fell within the automobile exception to the warrant requirement. The automobile exception was first recognized in *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). In *Carroll,* the Court held,

> [T]he true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid.

*Id.* at 149, 45 S.Ct. 280. The Court limited the applicability of the automobile exception, however, by holding, "[i]n cases where the securing of a warrant is reasonably practicable, it must be used...." *Id.* at 156, 45 S.Ct. 280.

In *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the Court clarified when the securing of a warrant is not reasonably practicable. The Court stated,

> [A]ssuming the existence of probable cause, automobiles and other vehicles may be searched without warrants "where it is not practicable to secure a warrant, *because the vehicle can be quickly moved* out of the locality or jurisdiction in which the warrant must be sought."

*Id.* at 764 n. 9, 89 S.Ct. 2034, *quoting Carroll,* 267 U.S. at 153, 45 S.Ct. 280 (emphasis added). In other words, the ready mobility of a vehicle makes it impractical for the police to secure a warrant. Therefore, a warrantless search of a vehicle upon probable cause is proper only where the vehicle is readily mobile.

The Court reiterated its ready mobility requirement in *Chambers.* In that case, the Court held a warrantless search of a vehicle is proper "where there is probable cause to search an automobile *stopped on the highway;* the car is movable, the occu-

pants are alerted, and the car's contents may never be found again if a warrant must be obtained." *Id.* at 51, 90 S.Ct. 1975 (emphasis added). The Court further held the automobile exception applies *when the police first seize a vehicle,* and the right to search the vehicle without a warrant does not disappear once the vehicle is immobilized; i.e., the occupants are arrested and the car is taken to the police station. *Id.* at 52, 90 S.Ct. 1975. Additionally, the Court noted that *both* probable cause and a "fleeting target" are required to justify a search. *Id.* at 51, 90 S.Ct. 1975 (emphasis added). *See also California v. Acevedo,* 500 U.S. 565, 569, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) (reiterating *Chambers*'s holding that "the existence of exigent circumstances was to be determined *at the time the automobile is seized.*" (emphasis added)).

Thus, in each of the cases where the Supreme Court applied the automobile exception and upheld a warrantless search of a vehicle, the police first stopped and seized the vehicle either while an occupant was operating the vehicle on a highway, or while an occupant was inside the vehicle or near it and the vehicle was readily capable of being driven away by the occupant. *See Dyson,* 527 U.S. at 466–67, 119 S.Ct. 2013; *Labron,* 518 U.S. at 939–40, 116 S.Ct. 2485; *Carney,* 471 U.S. at 388–93, 105 S.Ct. 2066; *Thomas,* 458 U.S. at 261, 102 S.Ct. 3079 ("[W]hen police officers have probable cause to believe there is contraband inside an automobile *that has been stopped on the road,* the officers may conduct a warrantless search of the vehicle . . . ." (emphasis added)); *Texas v. White,* 423 U.S. 67, 67–68, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975) (per curiam); *Chambers,* 399 U.S. at 51–52, 90 S.Ct. 1975; *Carroll,* 267 U.S. at 162, 45 S.Ct. 280. *Cf. Coolidge v. New Hampshire,* 403 U.S. 443, 478, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (holding warrantless search of vehicle was improper where car was not stopped on a highway but was parked at a residence with no occupants inside or near the vehicle and capable of being driven away by the turn of an ignition key). The Supreme Court has never removed the ready mobility requirement from the automobile exception.

In essence, the majority's decision today allows *any* vehicle to be searched at *any* time as long as the police have probable cause to believe the vehicle contains contraband. However, this ignores the ready mobility requirement of the automobile exception the Supreme Court has recognized since its holding in *Carroll.* The majority discusses *Carney* and implies that even if a vehicle is not readily mobile, according to *Carney* another justification for the vehicle exception comes into play: a reduced expectation of privacy. While the Supreme Court has recognized a reduced expectation of privacy as a second justification for the automobile exception, the Court has not removed the requirement that the vehicle be readily mobile. In fact, the Court in *Carney* discussed the ready mobility of Carney's motor home in upholding the warrantless search. *See Carney,* 471 U.S. at 393, 105 S.Ct. 2066 ("Like the automobile in *Carroll,* [Carney's] motor home was readily mobile. Absent the prompt search and seizure, it could readily have been moved beyond the reach of the police."). *See also Labron,* 518 U.S. at 940, 116 S.Ct. 2485 (stating recent automobile exception cases provided reduced expectation of privacy as a *further* (not alternative) justification for the exception but continued to recognize ready mobility as a requirement before the exception applied).

If a reduced expectation of privacy alone was sufficient to justify the automobile exception, *any* vehicle licensed or registered could be searched upon probable cause alone. The United States Supreme Court explicitly rejected the notion that the auto-

mobile exception applies to all vehicles. "The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." *Coolidge,* 403 U.S. at 461, 91 S.Ct. 2022.

> If we were to agree ... that seizures and searches of automobiles are likewise per se reasonable given probable cause, then by the same logic any search or seizure could be carried out without a warrant, and we would simply have read the Fourth Amendment out of the Constitution.

*Id.* at 480, 91 S.Ct. 2022.

Furthermore, the majority states that the "Supreme Court has emphasized that the automobile exception has no *separate* exigency requirement." Op. at 354 (emphasis added). However, the Supreme Court never removed its initial exigency requirement that the vehicle be readily mobile. Instead, the Court held a separate (or additional) exigent circumstance was not required. *See Labron,* 518 U.S. at 940, 116 S.Ct. 2485 (noting that the "first cases establishing the automobile exception to the Fourth Amendment's warrant requirement were based on the automobile's 'ready mobility,' an exigency sufficient to excuse failure to obtain a search warrant once probable cause to conduct the search is clear.").

In the instant case, the warrantless search of Myers's vehicle was improper because the automobile exception to the warrant requirement did not apply. Regardless of whether probable cause existed that Myers's vehicle contained contraband, the ready mobility requirement was not met. When Myers's vehicle was first seized, it was *not* readily mobile. Myers was not stopped on the highway while driving his vehicle, nor was he inside or near his vehicle when it was seized. Even though Myers possessed the key to his vehicle, he was locked in a classroom during the canine sweep in the parking lot. Additionally, both police officers and school officials surrounded Myers's vehicle after the dog alerted to the presence of narcotics in his vehicle. Therefore, Myers's vehicle was neither readily mobile nor capable of being driven away. *See Scott v. State,* 775 N.E.2d 1207, 1210–11 (Ind.Ct.App.2002), *trans. denied* (holding automobile exception did not apply to warrantless search of vehicle where vehicle was not readily mobile because the vehicle was legally parked in parking lot, occupants of vehicle were seated on a bench in the playground near the parking lot, police officers surrounded the vehicle, and the driver of the vehicle was handcuffed for safety purposes).

Additionally, it was reasonably practicable for the police to obtain a search warrant. The canine sweep at Austin High School was conducted on Thursday, December 12, 2002, at approximately 9:00 a.m. Myers was locked inside a classroom, and his car was parked in the school lot, police officers and school officials surrounded Myers's vehicle, and the vehicle was not obstructing traffic. The courts were probably open that day and a judge was likely available to sign a search warrant. *See Shepherd v. State,* 690 N.E.2d 318, 323 (Ind.Ct.App.1997), *trans. denied* (holding it was reasonably practicable to obtain warrant to search defendant's vehicle where courts were open on day of warrantless search and judges were available to sign warrant).

Accordingly, I would reverse the denial of Myers's motion to suppress and therefore dissent from the majority opinion.